# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 06 C 4052 |
| ) | |
| **ROBERT D. BUTMAN,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Robert D. Butman's ("Butman") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons stated below, we dismiss the motion.

## BACKGROUND

On November 3, 2004, a nineteen count indictment was returned against several defendants, including Butman who was charged in Counts One, Two, Four, Five, Six, Seven, Eight, Nine, Eleven, Thirteen, Fifteen, Sixteen, Eighteen, and Nineteen. On May 25, 2005, Butman, pursuant to a written and binding plea agreement, entered a plea of guilty to Counts One and Eighteen of the indictment,

1

which charged Butman with trafficking identification documents in violation of 18 U.S.C. § 371 and attempted extortion in violation of 18 U.S.C. § 1951. On July 27, 2005, Butman was sentenced by this court to be imprisoned for a term of ninety total months, sixty months as to Count One and ninety months as to Count Eighteen to run concurrently. On July 28, 2005, Butman filed a "motion to correct sentence," (Mot. Corr. Sent. 1), which was subsequently denied. Butman did not appeal his sentence to the United States Court of Appeals for the Seventh Circuit. On July 26, 2007, Butman brought the instant motion to vacate, set aside, or correct his sentence pursuant to Section 2255.

## LEGAL STANDARD

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts, "[i]f it appears from the motion any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. . . ." Rule 4(b) of Rules Governing Section 2255 Cases. Section 2255 provides in part the following:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *see also Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000)(stating that "a § 2255 motion must be granted when a defendant's 'sentence was imposed in violation of the Constitution or laws of the United States'")(quoting in part 28 U.S.C. § 2255). The relief sought pursuant to Section 2255 "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). A Section 2255 motion "is not a substitute for direct appeal" and "[c]laims not raised on direct appeal are barred from collateral review unless upon review [the court is] convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice." *Fountain*, 211 F.3d at 433-34 (stating that "[i]neffective assistance of counsel claims will generally fit into this mold; they generally are not appropriate for review on direct appeal as they often attempt to rely on evidence outside the record").

## DISCUSSION

Butman argues that his Sixth Amendment right to counsel was violated. Butman contends that he received ineffective assistance of counsel alleging that: (1) his counsel improperly advised him during plea negotiations and also in regards to his version of the facts presented to the Probation Department; and (2) his counsel advised Butman that there were no meritorious grounds in which to appeal, which resulted in Butman choosing not to appeal his sentence. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to

have the Assistance of Counsel for his defence." U.S. Const. amend. VI. To establish ineffective assistance of counsel, a defendant must show that: "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *Fountain*, 211 F.3d at 434.

I. Plea Negotiations & Version of Facts

Butman argues that he received ineffective assistance of counsel since his trial counsel allegedly inaccurately informed Butman of his options and rights during plea negotiations. If the Government extends a plea offer to a defendant, the defense attorney must "inform[] [the defendant] of the plea offer and of the likely sentence." *Almonacid v. United States*, 476 F.3d 518, 521-22 (7th Cir. 2007); *see also Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991)(stating that a "criminal defendant has a right to effective assistance of counsel in deciding whether to accept or reject a proposed plea agreement"). A counsel's advice to accept a plea offer constitutes ineffective assistance of counsel if the counsel misinformed the defendant in regard to matters such as "the potential sentencing exposure" or whether the defendant "would prevail at trial," and the advice by counsel was so poor that the performance of the counsel could not be deemed to have been "within the range of competent representation." *Almonacid*, 476 F.3d at 521-22 n.1 (7th Cir. 2007)(stating that "trial counsel is entitled to a 'strong presumption' that his performance fell 'within the wide range of reasonable professional assistance' and will not be judged with the

4

benefit of hindsight").

Butman admits that his trial counsel discussed with him the advantages and disadvantages of accepting the plea agreement in this case. Butman has not contended that his trial counsel gave inaccurate advice about Butman's chance of prevailing at trial. Butman claims that his counsel erroneously advised him that if he did not "accept the plea agreement *as written*" that he would lose his Advisory Sentencing Guideline credit for accepting responsibility. (Pet. 4)(emphasis added). Butman now asserts that he entered into the plea agreement "despite his reservations about the accuracy of the description of his conduct in the plea agreement." (Pet. 4-5). However, during a hearing on his change of plea ("Plea Hearing"), the court specifically asked Butman if the plea agreement contained his signature and Butman responded that it did. (5/25/05 Plea Tr. 10). The court then asked Butman, "Did you read this document before you signed it," (5/25/05 Plea Tr. 10), to which Butman stated "Yes. I have." (5/25/05 Plea Tr. 10). The court further asked Butman "Did you discuss this plea agreement with your attorney?" (5/25/05 Plea Tr. 10), to which Butman answered "I have." (5/25/05 Plea Tr. 10). The plea agreement that Butman acknowledged that he read, signed, and discussed with his counsel, specifically states that "defendant admits the following" and proceeds to list facts about his offenses that Butman now claims to disagree with. (Plea Agmt. 2). At the Plea Hearing, the Government stated the facts that the Government would be able to prove at trial regarding Butman's offenses and Butman's counsel was allowed to respond. (5/25/05 Plea Tr. 10). Butman was then asked, "Do you agree with the government's

5

statements?" and Butman responded, "yes." (5/25/05 Plea Tr. 33-34). Butman was also asked, "Do you wish to add to any part of the government's statements?" and Butman responded, "No." (5/25/05 Plea Tr. 34). Thus, Butman's claims that he had "reservations about the accuracy of the description of his conduct in the plea agreement" are not supported by the record and are in fact completely contradictory to Butman's own admissions at the Plea Hearing. (Pet. 5). Butman was given an opportunity to express any "reservations" at the Plea Hearing and he failed to do so.

Butman also argues that his trial counsel failed to advise him that if Butman submitted to the Probation Department conflicting facts relating to his misconduct than those in the plea agreement and facts he admitted to under oath at the Plea Hearing, Butman could lose his offense level reduction for acceptance of responsibility under the Advisory Sentencing Guidelines. However, regardless of whether Butman was advised before the hearing that his conflicting version of facts could cause him to lose the reduction, Butman was present at the sentencing hearing and had an opportunity to be heard relating to the matter. The Government properly pointed out at the sentencing hearing that Butman's version of facts to the Probation Department conflicted with the plea agreement and Butman's admissions at the Plea Hearing. The Government also argued at the sentencing hearing that Butman should not receive the reduction for acceptance of responsibility due to submitting conflicting version of facts, and refusing to accept responsibility. Butman, at the very least, had warning about the negative possible consequences of his conflicting version of facts at that stage of the sentencing proceedings. The court gave Butman's

6

counsel an opportunity to respond at the sentencing hearing and thus an opportunity to withdraw the conflicting version of facts. (7/27/2007 Sent. Tr. 50). Further, the court advised Butman that he "may consult with [his] attorney" at any time during the sentencing hearing. (5/25/05 Plea Tr. 12). Butman responded, "Thank you," and Butman's counsel also responded "Thank you, Judge." (5/25/05 Plea Tr. 12). The court also gave Butman an opportunity to speak at the sentencing hearing at which point Butman could have indicated his desire to withdraw his version of conflicting facts. (7/27/2007 Sent. Tr. 60-61). In fact, Butman consulted with his counsel throughout the sentencing hearing. (7/27/2007 Sent. Tr. 50, 60). Butman cannot now argue in hindsight that he was unaware of the "potential negative consequences of submitting an inconsistent version of his offense conduct," when the record shows otherwise. During the sentencing hearing, Butman's counsel was given an opportunity to provide explanations, Butman consulted with his counsel, and the court took into consideration Butman's counsel's explanations, which did not change the facts agreed to in the plea agreement. (Pet. 5). After considering the plea agreement, oral arguments, and Butman's own statement, the court concluded that Butman had not accepted responsibility.

Butman also argues that his trial counsel erroneously told Butman that his sentencing range would be twenty to thirty months of imprisonment under the Advisory Sentencing Guidelines. However, Butman was advised as to his likely sentencing range since the plea agreement contained the probable sentencing calculations. (Plea Agmt. 13-16). In addition, Butman was informed by the

7

Government at the Plea Hearing that the preliminary calculations for Butman's sentencing range pursuant to the Advisory Sentencing Guidelines "[wa]s seventy to eighty-seven months." (5/25/05 Plea Tr. 12). When the court advised Butman, "If the sentence is more severe than you expected, you will still be bound by your plea of guilty and will have no right to withdraw it," Butman answered "Yes" he understood. (5/25/2007 Plea Tr. 14). Butman was further informed that the final decision as to the length of his sentence would rest with the court, and that it was possible that the court may sentence Butman to a longer period or shorter period that he expected. (5/25/2007 Plea Tr. 16). Butman responded that he understood as such. Further, the Presentence Investigation Report's calculations, which was supplied to Butman prior to the sentencing hearing, put Butman on notice relating to potential Advisory Sentencing Guideline range. In fact, the court asked Butman, "[Have you read the Presentence Investigation Report?" and Butman responded, "Yes." (7/27/2007 Sent. Tr. 50, 60). Thus, Butman was aware that his sentencing range under the Advisory Sentencing Guidelines might be greater than twenty-four to thirty months. Therefore, Butman fails to provide any details in Ground One explaining why his counsel's advice, even if given, was incorrect. In addition, Butman has not shown that his trial counsel's performance did not fall "within the range of competent representation" in regard to the sentencing advice. *Almonacid*, 476 F.3d at 521-22.

II. Advisal of Appellate Rights

Butman argues that he received ineffective assistance of counsel because he chose not to appeal his sentence after he consulted with his counsel who advised him that there were no meritorious grounds for which to appeal his sentence. Butman claims that such advice by his counsel was unreasonable since he now believes that meritorious grounds existed for his appeal, including challenges to the court's sentencing findings. The Seventh Circuit has stated that:

> [W]here the defendant does not instruct his counsel to file an appeal or notice of appeal, the ineffective assistance of counsel inquiry begins with a determination of whether counsel consulted with the defendant about the possibility of appeal. The Court defined "consult" as advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

*Bednarski v. United States*, 481 F.3d 530 (7th Cir. 2007)(quoting *Roe v. Flores-Ortega*, 528 U.S. 470 (2000))(citations omitted).

By Butman's own admissions in his Section 2255 motion, the advice of Butman's counsel did not indicate that Butman had no right to appeal. Butman's counsel merely advised Butman that in his counsel's opinion, Butman did not have a likelihood of success on appeal. In fact, Butman was made aware of his right to appeal his sentence, and acknowledged his understanding of those rights, by the court during both his change of plea and sentencing hearings. (5/25/2007 Plea Tr. 15); (7/27/2007 Sent. Tr. 75). Butman does not allege that he ever asked his counsel to take an appeal for him. To the contrary, Butman's allegations clearly state that

Butman consulted with his counsel, who did not think an appeal would be fruitful, and Butman agreed with his counsel. It is only now that Butman has determined that he had a meritorious appeal and that he should have appealed his sentence. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984)(stating that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way").

In addition, there is nothing in the record before the court that indicates a defendant in Butman's position would appeal his sentence. Butman was informed of the potential severity of his sentence, but still chose to plead guilty. Butman was made aware of the possibility that the range for his sentence under the Advisory Sentencing Guidelines could have fallen between twenty-four to thirty months, as his counsel argued, or between seventy to eighty-seven months, as the Government argued, or that he could have received the maximum statutory penalty of twenty years imprisonment and a maximum fine of $250,000. (5/25/2007 Plea Tr. 11-12). The court also advised Butman if he understood that "[i]f the sentence [wa]s more severe than [he] expected, [he] w[ould] still be bound by [his] plea of guilty and w[ould] have no right to withdraw it." (5/25/2007 Plea Tr. 14). Butman answered, "Yes." (5/25/2007 Plea Tr. 14). Butman was further advised by the court that the final decision as to the length of his sentence would rest with the court, and the court asked Butman if he understood that the court might sentence Butman to a longer

period or shorter period that he expected. (5/25/2007 Plea Tr. 15-16). Butman once again answered "Yes." (5/25/2007 Plea Tr. 16). Butman was sentenced by this court to a sentence within the Advisory Sentencing Guidelines range, which was well below the statutory maximum in this case. Thus, based on the record before this court, as well as Butman's contentions and admissions in his Section 2255 motion, Butman has failed to show that his counsel's advice on the merits of a potential appeal fell below an objective standard of professional conduct in any way. In addition, Butman has failed to show any actions by his counsel that prejudiced him from appealing the instant matter. Based on the above, Butman has not provided a sufficient basis for the relief sought in the instant motion and we conclude that this action should proceed no further. Therefore, we dismiss the instant motion.

## CONCLUSION

Based on the foregoing analysis, we dismiss Butman's motion to vacate, set aside, or correct his sentence.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 11, 2007